UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA S. GIGOWSKI,

   Plaintiff,

v.                Case No. 1:12-CV-7

COMMISSIONER OF        HON. GORDON J. QUIST
SOCIAL SECURITY,

   Defendant.
_____/

**ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

   Plaintiff has filed Objections to Magistrate Judge Joseph G. Scoville's Report and Recommendation (R & R), issued on February 25, 2013, which recommends that Plaintiff's request for a remand under sentence six of 42 U.S.C. § 405(g) be denied and that the Commissioner's decision denying Plaintiff disability insurance benefits and supplemental security income be affirmed. Pursuant to 28 U.S.C. § 636(b)(1), this Court is required to review *de novo* those portions of the R & R to which specific objections have been made. The Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. *Id.* After reviewing the R & R, Plaintiff's Objections, and the pertinent portions of the administrative record, the Court will overrule Plaintiff's Objections and adopt the R & R as the opinion of the Court.

   In his Report and Recommendation, the magistrate judge concluded that a sentence six remand is unwarranted because Plaintiff failed to show both "good cause" for failing to present the new evidence to the administrative law judge (ALJ) and that the new evidence is material. (R & R at 6.) The magistrate judge also concluded that both of Plaintiff's substantive arguments should be rejected. First, the magistrate judge concluded that the ALJ gave sufficient reasons for substantially

discounting the opinion of Plaintiff's treating physician, Dr. Dean J. Toriello. (*Id.* at 12–14.) The magistrate judge further concluded that the ALJ's exclusion of handling or gripping limitations from Plaintiff's residual functional capacity (RFC) determination was supported by substantial evidence.

Plaintiff raises three objections: (1) the magistrate judge did not consider Plaintiff's sentence four remand arguments; (2) the magistrate judge erred in concluding that the ALJ properly applied the treating physician rule; and (3) the magistrate judge erred in concluding that the ALJ's RFC determination is supported by substantial evidence.

Plaintiff first objects to the R & R because the magistrate judge failed to specifically address Plaintiff's sentence four remand arguments. A district court may order a sentence four remand after entering a judgment affirming, modifying, or reversing the Commissioner's decision, if it determines that a rehearing is warranted in light of the court's ruling. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). In contrast, sentence six permits a court to remand a case before entry of judgment if the Commissioner requests a remand before answering the complaint or to allow the ALJ to consider new, material evidence that, for good cause, was not presented to the ALJ. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841 n.2 (6th Cir. 2006). Here, the magistrate judge ruled on Plaintiff's sentence six remand argument but had no occasion to rule on Plaintiff's sentence four arguments because he concluded that the ALJ's decision is supported by substantial evidence and should be affirmed. Based on its review of the R & R, the Court finds no basis to conclude that the magistrate judge erred by failing to consider Plaintiff's sentence four arguments.

Plaintiff next argues that the magistrate erred in concluding that the ALJ did not violate the treating physician rule because the magistrate judge, like the ALJ, simply regurgitated the medical evidence without articulating reasons for discounting Dr. Toriello's opinion. In particular, Plaintiff

2

argues that both the magistrate judge and the ALJ ignored or rejected Dr. Toriello's June 30, 2008 "opinion," which cleared Plaintiff "to work in a modified capacity with a ten-pound weight restriction with respect to her left hand and the need to avoid repetitive wrist motion and gripping and grasping." (AR 362.) Plaintiff further contends that both the magistrate judge and the ALJ failed to cite any basis in the record for rejecting Dr. Toriello's medical opinions.

An ALJ must give a treating physician's opinion "controlling weight" if it is consistent with the evidence in the record and supported by sufficient clinical findings. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). An ALJ may discount a treating physician's opinion if it is contrary to substantial medical evidence. *Id.* When the opinion of a treating source is not given "controlling weight," the ALJ must apply certain factors in determining what weight to give the opinion, including the length of the treatment relationship and the frequency of the examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). The ALJ must give "good reasons" for the weight she gives the treating source's medical opinion. 20 C.F.R. § 404.1527(d)(2). The purposes of this requirement are to provide claimants an explanation of why they are deemed not disabled—when their physicians may have told them otherwise—and to "ensure[] that the ALJ applies the treating physician rule and permit[] meaningful appellate review of the ALJ's application of the rule." *Id.* Although an ALJ's explanation "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight," SSR 96–2p, 1996 WL 374188, at *5 (1996), an ALJ is not required to explicitly discuss each factor. *See, e.g.*, *Francis v. Comm'r of Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. Mar. 16, 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly

require only that the ALJ's decision include 'good reasons ... for the weight ... give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis"); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ([Plaintiff] cites no law, and we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion.").

The magistrate judge did not err in concluding that the ALJ did not violate the treating physician rule. The ALJ gave good reasons for substantially discounting Dr. Toriello's July 14, 2010 opinion. The ALJ correctly noted that there is no medical basis in the record to support Dr. Toriello's statements that Plaintiff could rarely lift over ten pounds, even with both hands, or that Plaintiff would need to take 15-minute breaks every 1–2 hours. (AR 23, 373.) While Dr. Toriello had restricted Plaintiff to lifting no more than ten pounds with her left hand, she had no lifting restrictions on her right hand. The ALJ also noted that Dr. Toriello's opinion was inconsistent with his own treatment notes, which show that Plaintiff recovered well from her left hand surgery, was pleased with her right thumb recovery, and reported that she was doing very well. Moreover, the ALJ found these treatment notes consistent with Dr. Lazzara's findings that Plaintiff had no manipulative limitations and was still able to perform activities of daily living, such as cooking, driving, and gardening. In sum, th ALJ gave sufficient reasons for according Dr. Toriello's July 14, 2010 opinion minimal weight.

With the exception of the lifting restrictions, Dr. Toriello's June 2008 opinion was not significantly different from his July 14, 2010 opinion. The ALJ did not reject the June 2008 restrictions entirely, because she incorporated the left-hand lifting restriction into her RFC determination. While the ALJ did not adopt the restriction of avoiding repetitive use of the left

hand, such restriction was not supported by clinical findings and, for the reasons stated above, was inconsistent with Dr. Toriello's treatment notes and Dr. Lazzara's findings.

Finally, Plaintiff argues that the magistrate judge erred in finding that the ALJ's factual finding regarding Plaintiff's RFC is supported by substantial evidence. Plaintiff argues that the RFC should have included substantial limitations regarding handling and gripping. The Court concurs with the magistrate judge's well-reasoned analysis of this argument and finds nothing in Plaintiff's Objections suggesting error.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 25, 2013 (docket no. 21), is **ADOPTED** as the Opinion of the Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

A separate judgment will issue.

This case is **concluded**.


Dated: March 28, 2013 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE